IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

ALLISON MACKLER,

*Plaintiff*,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA; and
IQNAVIGATOR, INC. GROUP BENEFIT PLAN,

*Defendants.*

# COMPLAINT

Plaintiff, Allison Mackler ("Ms. Mackler"), by and through her counsel, McDermott Law, LLC, for her Complaint against Defendant Life Insurance Company of North America ("LINA") and IQNavigator, Inc. Group Benefit Plan ("IQNavigator") states, alleges, and avers as follows:

## PRELIMINARY ALLEGATIONS

1. This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan named as Defendant. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and post judgment interest, reinstatement to the benefit plans at issue herein, and attorneys' fees and costs.

2. During all relevant timeframes, Plaintiff was an employee of IQNavigator, Inc. and during her employment, worked for IQNavigator, Inc. within the judicial boundaries of the District of Colorado.

3. As an employee of IQNavigator, Plaintiff was a participant in the IQNavigator, Inc. Group Benefit Plan (the "Plan") which provided, among other benefits, a long-term disability insurance benefit.

4. Plaintiff is informed and believes that Defendant Life Insurance Company of North America ("LINA") was, at the time the claim decision which is the subject of this action was rendered, was a wholly-owned subsidiary of Cigna Corporation.

5. Plaintiff is informed and believes that Defendant LINA was sold in December 2020 and is now a wholly-owned subsidiary of New York Life.

6. LINA is and at all times relevant was registered with the Colorado Division of Insurance to conduct, and does conduct, the business of insurance in the State of Colorado.

7. LINA is the insurer of benefits under the group disability long term disability policy (the "LTD Policy") for IQNavigator, Inc. Group Benefit Plan, and LINA acted in the capacity of a claim administrator.

8. In administering Ms. Mackler's claim, LINA acted under an inherent conflict of interest. The bias this created affected LINA's claim determinations.

9. The LTD Policy was "issued in" Colorado as that phrase is defined by Colo. Rev. Stat. § 10-3-1116(8), and is, therefore, governed by Colorado law.

10. Plaintiff is informed and believes the LTD Policy is an employee welfare benefit plan regulated by ERISA, established by IQNavigator, Inc., under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to Long Term Disability ("LTD") and life insurance waiver of premium ("LWOP") benefits. Pursuant to the terms and conditions of the LTD Plan and the LTD

Policy, Plaintiff is entitled to LTD and LWOP benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the terms of the LTD Plan and the LTD Policy.

11. The LTD Plan is doing business in this judicial district, in that it covers employees residing in this judicial district and is administered in this judicial district.

12. Defendants can be found in this judicial district and the Defendant Plan is administered in this judicial district.

13. IQNavigator, Inc., and the LTD Plan are doing business in this judicial district, in that they cover employees residing in this judicial district and the LTD Plan is administered in this judicial district.

14. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

## FIRST CLAIM FOR RELIEF
### Against IQNavigator and LINA
### Claim for Relief Under ERISA § 502(a)(1)(b) and 29 USC § 1132(a)(1)(b)

15. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

16. At all times relevant, Plaintiff was employed by IQNavigator, Inc., and was a covered "participant" in and "beneficiary" of the LTD Plan, as those terms are defined by 29 U.S.C. § 1002(7) and (8).

17. The LTD Plan is an "employee benefit plan" as that term is defined by 29 U.S.C. § 1002(3).

18. During Plaintiff's employment, Plaintiff became entitled to LTD and LWOP benefits under the terms and conditions of the LTD Plan and the LTD Policy. Specifically, while Plaintiff was covered under the LTD Plan and the LTD Policy, Plaintiff suffered a disability rendering her "disabled" as defined under the terms of the LTD Plan and the LTD Policy.

3

19. Pursuant to the terms of the LTD Plan and the LTD Policy, Plaintiff made a claim to LINA for LTD and LWOP benefits. Plaintiff's date of disability was on or around February 6, 2019.

20. After receiving Plaintiff's claims for LTD and LWOP benefits, LINA found her disabled and, following the LTD Plan's elimination period, LINA began paying LTD and LWOP benefits to Plaintiff as of May 7, 2019.

21. When determining that Plaintiff was disabled, LINA based its decision (at least in part) on the fact that Plaintiff suffered from several incurable medical conditions.

22. Effective July 22, 2020, LINA terminated Plaintiff's LTD and LWOP benefits, asserting that her incurable medical conditions no longer rendered her disabled under the terms of the LTD Policy and the LTD Plan.

23. Consistent with her rights under ERISA, Plaintiff appealed LINA's termination of her LTD and LWOP benefits by filing an internal appeal to LINA asking that it reinstate her benefits.

24. Along with her internal appeal to LINA (and in submissions thereafter), Plaintiff provided evidence of her continued disability under the terms of the LTD Plan and the LTD Policy.

25. Despite the additional evidence supporting Plaintiff's entitlement to LTD and LWOP benefits, LINA erroneously and wrongfully continued to uphold its prior termination of Plaintiff's claim for LTD and LWOP benefits.

26. In denying Plaintiff's appeal and in upholding its prior termination of Plaintiff's LTD and LWOP benefits, LINA knew ERISA required it to give significant weight to the fact that the Social Security Administration (the "SSA") had approved Plaintiff's claim for Social Security Disability ("SSDI") benefits.

27. In denying Plaintiff's appeal and in upholding its prior termination of Plaintiff's LTD and LWOP benefits, LINA acknowledged that the SSA "found on September 22, 2020 that she had severe impairments in Chronic Fatigue Syndrome, Rheumatoid Arthritis, Obstructive Sleep Apnea,

Fibromyalgia, Obesity, and Dysthymia/Adjustment Disorder with Depressed Mood secondary to [her] medical condition. Her limitation to concentrating on and persisting at only simple, routine tasks renders her capable of only unskilled work. She is considered disabled since February 6, 2019."

28. In denying Plaintiff's appeal and in upholding its prior termination of Plaintiff's LTD and LWOP benefits, LINA failed to give significant weight to the SSA's approval of her SSDI benefits. In fact, LINA acknowledged that it was rendering its decision without a copy of her SSA file, even though it had requested the file from the SSA. LINA further informed Plaintiff that it would reconsider its appeal denial after receiving and reviewing the SSA file; however, it never did so.

29. Defendants LINA and the IQNavigator, Inc., Group Benefit Plan breached the terms of the LTD Plan and the LTD Policy. Furthermore, each Defendant violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to Plaintiff when Defendants knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan and the LTD Policy, as Plaintiff was disabled, had not significantly improved, and was unable to work and was therefore entitled to LTD benefits;

(b) Failing to provide a prompt and reasonable explanation of the bases relied on under the terms of the LTD Plan and LTD Policy for terminating Plaintiff's claim for LTD benefits;

(c) After Plaintiff's claim was terminated, LINA (in violation of ERISA) failed to adequately describe the additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary;

(d) Failing to timely decide Plaintiff's internal appeals within the timeframes provided under ERISA;

(e) Failing to adequately and in good faith investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim properly and adequately;

(f) Failing to give significant weight to the SSA's award of SSDI benefits;

(g) Elevating the opinions of its non-treating record reviewers over those of Plaintiff's treating medical providers;

(h) Failing to engage in a meaningful dialogue with Plaintiff and her treating medical providers;

(i) Cherry-picking medical records that favored its self-interested termination of Plaintiff's LTD and LWOP benefits;

(j) Misrepresenting the terms of the LTD Plan and the LTD Policy by imposing an "objective evidence" requirement found nowhere in the LTD Policy

(k) Ignoring Plaintiff's complaints of pain, even though they were observed by others including her treating medical providers;

(l) Failing to gather sufficient evidence to demonstrate that Plaintiff's incurable medical conditions had improved to the point that she was no longer disabled and could (for eight hours a day and 40 hours a week) reliably and consistently perform the material duties of any occupation for which was otherwise qualified by education, training, or experience;

(m) Placing its financial interests ahead of Plaintiff's interests; and

(i) Other acts and omissions likely to be discovered during the course of this litigation.

30. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied her LTD and LWOP benefits by other acts or omissions not alleged in this Complaint, but which may be discovered in this litigation.

31.     Following the termination of her LTD and LWOP benefits, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations required of her under the LTD Plan and the LTD Policy.

32.     As a proximate result of the Defendants' acts and omissions, Plaintiff has incurred damages for loss of LTD and LWOP benefits in amounts to be shown at the time of trial.

33.     As a further direct and proximate result of this improper determination regarding Plaintiff's LTD and LWOP claims, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

34.     The Defendants' acts and omissions have created uncertainty where none should exist; therefore, Plaintiff is entitled to enforce her rights and to clarify her right to future benefits under the terms of the LTD Plan and the LTD Policy.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Declare that Plaintiff is entitled to LTD and LWOP benefits under the terms of the LTD Plan and the LTD Policy;
2. Order Defendants to pay all past-due LTD benefits owed under the LTD Policy and the LTD Plan from the date they were terminated through the life of such benefits together with interest (both statutory and moratory) on each monthly payment from the date it became due through the date of judgment and until paid in full;
3. To reinstate Plaintiff's LWOP benefit;
4. Order Defendants to pay Plaintiff's costs of suit, including reasonable attorneys' fees under ERISA § 502(g);
5. Such other and further relief this Court deems just and proper.

Respectfully submitted this 27th day of December 2021,

                                            ***s/ Timothy M. Garvey***
                                            Shawn E. McDermott, #21965
Timothy M. Garvey, #42668
MCDERMOTT LAW, LLC
4600 S. Ulster Street, Suite 800
Denver, CO 80237
(303) 964-1800
(303) 964-1900 (fax)
*shawn@mcdermottlaw.net*
*tim@mcdermottlaw.net*

Plaintiff's Address:
1610 S. Granby Street
Aurora, CO 80012

8